BEFORE THE UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: AHERN RENTALS, INC., )<br>TRADE SECRET LITIGATION        )<br>)<br>)<br>) | MDL No. 2945 |

*This document relates to Opposed Action:*

*Ahern Rentals, Inc. v. EquipmentShare.com, Inc., et al.* **MOE/4:20-cv-01565.**

**MEMORANDUM IN SUPPORT OF AHERN RENTALS, INC.'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER-4**

**PRELIMINARY STATEMENT**

Pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Ahern Rentals, Inc. ("Ahern") respectfully moves this Panel for an Order vacating Conditional Transfer Order 4 ("CTO-4") as to the above-entitled Opposed Action. Ahern Rentals, Inc. opposes the transfer of the Opposed Action to this multidistrict litigation ("MDL") for several reasons. Chiefly, the MDL cases and the Opposed Action are factually different. There is no substantial nexus between the facts of the Opposed Action and the MDL Action, as the focus of the Opposed Action is improper collaboration between EquipmentShare.com, Inc. ("EquipmentShare") and EZ Equipment Zone, LLC ("EZ"). The parties differ from the parties in the MDL, as Defendant EZ is not a party to the MDL Action. Transferring this Opposed Action to the MDL will subject the MDL to delay, as the cases in the MDL are already farther along in

1

the litigation process than this Opposed Action. The Opposed Action was filed on November 2, 2020, thus transferring the Opposed Action would significantly delay the MDL Actions. Transfer of this case would not be convenient. Finally, the efficiency interests under 28 U.S.C. § 1407(a) are not served by transfer because additional resources will be expended. For these reasons, the Conditional Transfer Order 4 should be vacated.

## I.  BACKGROUND

On November 2, 2020, Ahern filed its Complaint in United States District Court for the Eastern District of Missouri against Defendants EquipmentShare and EZ. The Complaint alleges causes of action against each for Conspiracy under the Computer Fraud and Abuse Act 18 U.S.C. §§ 1030(b) and 1030(a)(2), Violation of the Defend Trade Secrets Act 18 U.S.C. § 1836, Violation of the Missouri Uniform Trade Secrets Act Mo. Rev. Stat. § 417.450, Violation of Tampering with Computer Data and Equipment Mo. Rev. Stat. § 537.525, Regarding Violation of Mo. Rev. Stat. § 569.095, Civil Conspiracy, and Unjust Enrichment.

To illustrate the infancy of the Opposed Action, Counsel for Defendant EquipmentShare entered appearances and Motions for Leave to Appear *pro hac vice* on November 17 and 19, 2020, respectively. Subsequently, On November 17, 2020, Defendant EquipmentShare moved for extension of time to respond to the Complaint, which was granted on November 24, 2020. Defendant EquipmentShare now has until December 16, 2020, to respond to the Complaint, and has not yet responded. Moreover, Defendant EZ was just served with the Complaint and Summons on November 24, 2020 at 12:10 p.m., and has not yet responded to the Complaint. Counsel for EZ reached out to

the undersigned Plaintiff's counsel requesting an additional 30 days in which to file a responsive pleading, and counsel for EZ entered its appearance on December 11, 2020. Thus, the Opposed Action is in incredibly early stages of litigation.

On November 16, 2020, this Panel entered a Conditional Transfer Order, (ECF No. 74), noting this case as a potential tag-along action to MDL 2945. On November 23, 2020, Ahern timely filed its Notice of Opposition to the Conditional Transfer Order, (ECF No. 83), before this Panel.

## II. LEGAL STANDARD

The JPML transfers cases into MDLs "upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Among other things, transfer aims to "reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 903 (2015) (quoting Manual for Complex Litigation § 20.131, p. 220 (4th ed. 2004)). A CTO "can and will be vacated upon the showing of good cause by any party." *United States v. Penn Central Transp. Co.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970).

## III. ARGUMENT

The Opposed Action does not meet the standard for transferring a tag-along case. The Panel may only consolidate matters—including tag-along actions—when transfer would serve the convenience of the parties and witnesses, and **promote the just and efficient conduct** of the action. 28 U.S.C. § 1407(a) (emphasis added); *cf. In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 505 F. Supp. 221, 223

3

(J.P.M.D.L. 1981) (declining to transfer tag-along actions where doing so "would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the . . . litigation").

Transferring the Opposed Action would not serve the Congressional purpose of Section 1407(a). Instead, transfer of this action would only serve to undermine efficiency considering the distinct factual differences between the Opposed Action and the MDL Actions and the resulting legal issues those unique facts raise. Transferring the Opposed Action would result in serious harm to Plaintiff. This harm includes, but is not limited to, a commingling of distinct factual issues which would 1) confuse the MDL Actions which mostly address claims against former employees involving the *employees'* misappropriation and misuse of Ahern's confidential and proprietary information, and 2) unnecessarily dilute and cloud the claims in the Opposed Action, which pertain to Ahern's claims against EquipmentShare and EZ of their coordinated and improper use of Ahern's confidential and proprietary information. In sum, transferring the Opposed Action to the MDL Actions mixes unrelated facts and law and therefore potentially limits Ahern's recovery in the Opposed Action. The Panel's mandate to transfer factually-related cases to MDL dockets cannot be seen to extend to cases where such transfer would ensure delay and undermine judicial economy. It is beyond doubt that if this case is transferred, it will languish in the MDL for a matter of months, if not years, before it is finally determined that this case belongs separately in the United States District Court for the Eastern District of Missouri.

A.  **Transfer to the MDL is Not Warranted Because the Parties differ, and the Case is Factually Distinct from the Transferred Cases in the MDL.**

CTO-4 should be vacated because there are not sufficient common questions of fact between the Opposed Action and the MDL Action that would justify transfer. Rather, the facts and law concerning the relationship between EquipmentShare and EZ and the collaboration between the two entities with respect to Ahern predominate over any putative shared facts with the MDL Action. In determining whether a case is appropriate for transfer or consolidation to another district, the Panel must decide whether the claims alleged in each case share sufficient common questions of fact so as to promote the just and efficient conduct of the litigation. 28 U.S.C. § 1407. Sufficient factual commonality does not exist where the relationship between the parties in an action differs from that in the consolidated actions, even if the legal allegations are similar. *In re United Gas Pipe Line Company Litigation*, 391 F. Supp. 774, 776 (J.P.M.L. 1975). While the legal claims in the MDL Actions and the Opposed Action center on misappropriation of Ahern's confidential and proprietary information, the relationship between the parties in each could not be more distinct. The MDL Actions focus on the relationship between Ahern, its former employees, and EquipmentShare's raiding of those employees, whereas the Opposed Action is not focused on employee raiding and is instead premised on the relationship of EquipmentShare and EZ—an entity that is not a party to the MDL Actions. Thus, even assuming *arguendo* that the legal arguments are similar between the Opposed Action and the MDL Actions, sufficient factual commonality does not exist because the relationship between the involved parties is drastically different in the Opposed Action.

Moreover, "[w]here only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Stockx Customer Data Security Breach Litig.*, 412 F. Supp. 3d 1363, 1364 (J.P.M.L. 2019). Centralization is not appropriate when the number of actions is relatively small and discovery is likely to be defendant specific. *In re: Proton Pump Inhibitor Prods. Liab. Litig.*, 2017 WL 475581,*2 (J.P.M.L. 2017); *see also In re Qualcomm Antitrust Litig.*, 273 F. Supp. 3d 1373 (J.P.M.L 2017) (stating "[a]lthough Apple asserts antitrust claims similar to those asserted by plaintiffs in the actions listed on Schedule A, it also asserts unique contract and patent claims against Qualcomm" in denying centralization order). Centralization in this action should be denied because Ahern's claims against Defendants are unique.

Here, the focus of the Opposed Action is the relationship between EquipmentShare and EZ in their concerted efforts to impermissibly utilize Ahern's confidential, proprietary, and/or trade secret information to improperly compete against Ahern, whereas the focus of the MDL Action concerns the agreements between former Ahern employees and EquipmentShare to obtain and misuse the confidential, proprietary, and/or trade secret information it improperly obtained from Ahern's former employees. While the factual predicate may be similar to the MDL Action, the Opposed Action focuses on the Defendants' alleged agreements to exploit the use of Ahern's confidential, proprietary, and/or trade secret information. Thus, the Opposed Action is not so substantial to justify transfer and doing so would unnecessarily inject EZ as a new, unrelated, Defendant into the MDL Action.

6

There are currently twelve (12) matters transferred to the MDL. Of these, eleven (11) are brought by Ahern. One (1) is brought by EquipmentShare.com Inc. Of the eleven (11) cases Ahern filed, Ahern named a former employee(s) and EquipmentShare as defendants in ten (10). Ahern names only EquipmentShare in the remaining case.

Of the ten (10) lawsuits Ahern brought against its former employees and EquipmentShare, four (4) allege that the individuals and EquipmentShare engaged in a concerted plan to build EquipmentShare's business by targeting and unlawfully raiding Ahern's employees, and misappropriating Ahern's confidential, proprietary, and trade secret information. The remaining six (6) cases allege EquipmentShare and the former employees misappropriated Ahern's confidential, proprietary, and trade secret information but do not contain the employee raiding allegations.

In the Opposed Action, Ahern named Defendants EquipmentShare and EZ, the latter of which is not a party to any of the MDL Actions. Foundationally, the Opposed Action is distinct from the lawsuits consolidated into the MDL Action, and should therefore proceed on its own in the Eastern District of Missouri.

The Opposed Action asserts EquipmentShare and EZ engaged in a concerted, and improper, collaboration to exploit Ahern's confidential, proprietary, and/or trade secret information for the purpose of growing EquipmentShare's business at Ahern's expense, by having EZ serve as a "shield" to EquipmentShare's actions, once Ahern sought to hold EquipmentShare legally accountable for its original improper actions. Specifically, Ahern asserts in its Complaint that EZ maintains a Master Rental Agreement with a national equipment rental company that enables EZ to place all of EZ's available rental locations.

Notably, the Master Rental Agreement and EZ's relationship with a "nationally recognized equipment rental company" is referenced numerous times in the Master Rental Agreement, its website, and in FAQ documents provided to equipment owners. Thus, EquipmentShare retains control and influence over EZ in placement and handling of rental equipment. The Asset Management Agreement between EZ and equipment owners further specifies that all equipment is tracked using "ES Track" which is the same tracking technology used by EquipmentShare. Even a cursory review of EZ's website reveals a substantial relationship between EquipmentShare and EZ as the "ES" logo is present throughout EZ's website.

Conversely, the MDL Actions are brought against primarily individual former Ahern employees and EquipmentShare, and are premised on different sets of facts from the Opposed Action. The Opposed Action asserts unlawful conduct by EquipmentShare vis-à-vis EZ, not individual former employees, and the type of Defendant and conduct present significant factual deviations from the MDL Actions. In short, the MDL Actions are about how EquipmentShare improperly obtained Ahern's confidential, proprietary, and/or trade secret information, while the Opposed Action is about how EquipmentShare then exploited this information through EZ. Accordingly, because the Opposed Action asserts claims for EZ's and EquipmentShare's own unlawful cooperation and conduct as part of a joint scheme to illegally undermine Ahern, discovery will be defendant specific. This, coupled with the relatively small number of legal claims in the Opposed Action, warrants denial of the Conditional Transfer Order.

## B.     Transfer to the MDL would Subject the Opposing Action to Inconsistent Deadlines.

On August 7, 2020, the Panel issued the Transfer Order, transferring ten[1] (10) actions to the Western District of Missouri before Chief Judge Phillips. On October 15, 2020, Chief Judge Phillips ordered that discovery commence on November 1, 2020.

As discussed *supra*, this case is, comparatively, brand new, and responsive pleadings have yet to be filed. Because of the current status of the Opposed Action, and the relatively advanced status of the MDL cases, any attempted coordination would be unsuccessful; thus, defeating the entire purpose of being a part of the MDL in the first place. A transfer to the MDL would be contrary to the purpose of a multidistrict litigation. The Opposed Action is based upon a different set of facts than the pending MDL actions as it concerns the relationship between EquipmentShare and EZ—which is not a party to any of the MDL Actions. Transferring the Opposed Action means injecting a new, and unrelated, Defendant into the MDL Action which only serves to unnecessarily complicate proceedings in the MDL Action. In vacating CTO-4, the Panel can avoid this unnecessary complication, can avoid the frustration it would inevitably cause the MDL Action, and can allow Plaintiff to litigate its claims on the merits.

## C.     Transfer is Not Convenient for the Parties.

Section 1407 requires the JPML to determine that transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of

---

[1] While the original Transfer Order transferred ten actions, there are now twelve actions included in the MDL.

such actions." 28 U.S.C. § 1407(a). The transfer of this action would meet neither of those requirements. Instead, transfer would materially harm Plaintiff and squander judicial resources.

Initially, the parties in this case differ than the parties in the MDL. That alone causes the Opposing Action's consolidation to be inconvenient to the parties. Moreover, this case is at a different stage of the case than the other actions in the MDL. Consolidating this Action into the MDL would then be inconvenient to the parties in this Action, but also to the parties in the MDL, as they would have to re-coordinate and evaluate processes that are already in action to accommodate the consolidation of this Action. As such, transfer would be incredibly inconvenient to every party involved.

### D. The Efficiency Interests Under 28 U.S.C. § 1407(a) are Not Served by Transfer Because Additional Resources Will be Expended.

Judicial economy would not be served by transferring this action to the MDL. If transferred to the MDL, Parties will proceed in the same manner with Defendants filing responsive pleadings and any filings or motions that flow therefrom, while waiting for any such motion to be heard, and while every other case in the MDL Action continues to move forward with discovery. Giving the timing, party, and factual differences, no efficiencies will be gained from inclusion in the MDL. *Tucson Med. Ctr. v. Purdue Pharma LP*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659, at *2 (D. Ariz. Dec. 19, 2018) (holding that judicial economy is better served by prompt resolution in reference to a pending motion to remand.).

## CONCLUSION

For the foregoing reasons, Ahern requests that this Panel enter an order vacating the Conditional Transfer Order (CTO-4) as it relates to the Opposed Action.

Dated December 14, 2020                                Respectfully Submitted,

/s/ *Joseph M. Wientge*
Joseph M. Wientge  #57494MO
jwientge@littler.com
Lindsey Rendlen Latzke #64110MO
llatzke@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO 63101
314.659.2000
*Counsel for Ahern Rentals, Inc.*

4827-0627-0419.3 099283.1048