BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:<br><br>AHERN RENTALS, INC.<br>TRADE SECRET LITIGATION | MDL No. 2945 |

This document relates to Opposed Action: *Ahern Rentals, Inc. v. EquipmentShare.com Inc, et al.*, Eastern District of Missouri, 4:20-cv-1565-SRC.

### EZ EQUIPMENT ZONE LLC'S RESPONSE IN OPPOSITION TO THE MOTION TO VACATE AND IN SUPPORT OF TRANSFER TO THE <u>WESTERN DISTRICT OF MISSOURI</u>

COMES NOW Defendant EZ Equipment Zone LLC ("EZ Equipment") and states as its Response in Opposition to Plaintiff Ahern's Motion to Vacate Conditional Transfer Order-4 (ECF No. 102):

### INTRODUCTION

Plaintiff Ahern Rentals, Inc. ("Ahern") alleges a vast nationwide conspiracy wherein EquipmentShare.com Inc. ("EquipmentShare") attempted to illegally compete. These allegations assert that EquipmentShare conspired with EZ Equipment and Ahern's former employees to steal and use Ahern's confidential information and trade secrets.

The case at issue ("EDMO Action") alleges that EZ Equipment and EquipmentShare worked together to further the broader conspiracy. In fact, the first 103 paragraphs of the EDMO Action's complaint detail the broader alleged conspiracy — common issues of fact with the already-consolidated MDL cases. Transferring the EDMO Action to the MDL would allow EZ Equipment to access common discovery about the broader alleged conspiracy. Thus, transfer would promote judicial efficiency. Further, EZ Equipment agrees that transfer to the Western

1

District of Missouri would be convenient for the parties. Because all the factors identified in 28 U.S.C. § 1407 favor transfer, the Panel should deny Ahern's Motion to Vacate the Conditional Transfer Order and transfer the EDMO Action to the MDL.

## BACKGROUND

Common defendant EquipmentShare moved to centralize various cases filed by Ahern across the country. On August 7, 2020, this Panel issued a Transfer Order, transferring those cases to the Western District of Missouri, before the Honorable Beth Phillips. (ECF No. 53.)

According to the Transfer Order, Ahern alleged that the individual defendants throughout the country — all former Ahern employees now employed by EquipmentShare — assisted EquipmentShare in a scheme to solicit other Ahern employees and to steal Ahern's confidential and proprietary information. (ECF No. 53 at 1–2.) Specifically, this Panel concluded that these actions shared factual questions "arising from allegations of a nationwide scheme by EquipmentShare to capture market share in the equipment rental business from Ahern by (1) luring away its employees and customers, and (2) using Ahern's confidential and proprietary information and trade secrets." (*Id.* at 1.) EquipmentShare is alleged to be engaged in a "nationwide conspiracy" against Ahern. (*Id.* at 2.) The Transfer Order articulated that, "[a]ccording to Ahern, EquipmentShare intends to ruin Ahern's business nationwide and steal its market share." (*Id.*) The Transfer Order found that (a) the underlying actions at issue involved common questions of fact, (b) centralization in the Western District of Missouri would be convenient for the parties and witnesses, and (c) transfer would promote just and efficient resolution of the case. (*Id.* at 1.)

Ahern filed the EDMO Action, Case No. 4:20-cv-1565, on November 2, 2020. In the EDMO Action, Ahern alleges that it operates in the highly competitive, multibillion-dollar equipment rental industry. (ECF No. 70-2 at ¶ 18.) Ahern detailed the steps it takes with

employees to protect confidential and proprietary information. (*Id.* at ¶¶ 18–33.) Ahern alleged that EquipmentShare "engaged in a concerted plan to build brick-and-mortar locations through tortious actions targeting Ahern and its employees." (*Id.* at ¶ 37.) Ahern detailed what it contends was a "Conspiracy to Destroy Ahern," through various actions with former employees in Texas, California, Utah, Arizona, South Carolina, Oklahoma, Nevada, Washington, Florida, Georgia, Kansas, Maryland, New York, North Carolina, Oregon, and Missouri. (*Id.* at ¶¶ 39–103.) Ahern alleges that "EquipmentShare has sought out and conspired with EZ to use Ahern's confidential, proprietary, and/or trade secret information to continue the illegal attack upon Ahern." (*Id.* at ¶ 105.) Ahern's complaint asserts six counts against both EZ Equipment and EquipmentShare for their alleged role in the nationwide conspiracy. (*Id.* at ¶ 127–169.)

EquipmentShare filed a Notice of Potential Tag-Along Action. (ECF No. 70.) This Panel entered a Conditional Transfer Order ("CTO-4") a few days later. (ECF No. 74.) Ahern indicated its intent to oppose CTO-4 (ECF No. 83), and subsequently filed its Motion to Vacate CTO-4 (ECF No. 102).

## ARGUMENT

**1.      A Transfer to the MDL Will Serve the Purpose of 28 U.S.C. § 1407**

The "basic purpose" of multidistrict litigation is to secure the "just, speedy and inexpensive determination of every action." *In re National Student Marketing Litigation*, 368 F. Supp. 1311,1316 (J.P.M.L. 1972). This Panel decides whether to transfer a case by considering the factors set forth in 28 U.S.C. § 1407: (1) whether the actions involve "one or more common questions of fact," (2) whether the transfer would "be for the convenience of parties and witnesses," and (3) whether the transfer "will promote the just and efficient conduct" of the actions. 28 U.S.C. § 1407(a).

The EDMO Action clearly involves overlapping facts with those at issue in the MDL. In fact, the first 103 paragraphs of the complaint in the EDMO Action largely outline the purported nationwide conspiracy at issue in the Transfer Order. (*Compare* ECF No. 70-2 at ¶¶ 1–103 *with* ECF No. 53 at 1–2.) Any argument that the EDMO Action does not involve common questions of fact with the already-consolidation actions is untenable.

Furthermore, the Western District of Missouri is convenient for the parties and the witnesses. This Panel has already found convenience for Ahern and EquipmentShare in the Transfer Order. (ECF No. 53 at 1.), which is not surprising considering the lion's share of the allegations in the EDMO Action are about other cases — and thus those parties and witnesses — already consolidated in the Western District of Missouri. Finally, EZ Equipment agrees that, although the Eastern District of Missouri is perhaps more convenient for it since it is located there, it is not inconvenient for it to litigate in the Western District of Missouri.

Finally, consolidation of the EDMO Action in the Western District of Missouri would promote efficiency because, again, most of the allegations in the EDMO Action relate to the already-consolidated actions in the MDL. It would be just and efficient to allow EZ Equipment to access the discovery already conducted in those cases and to take advantage of consolidated discovery going forward. If this case is not consolidated, EZ Equipment would bear the tremendous burden of investigating and litigating conduct of third parties — Ahern, EquipmentShare, and the various individual employees — that occurred throughout the country. Justness and efficiency strongly support transfer.

**2.    Ahern's Arguments to the Contrary Fail**

Ahern filed a Brief in Support of its Motion to Vacate CTO-4 ("Ahern's Brief"). Ahern's Brief first argues that transfer would "result in serious harm" to Ahern. (Ahern's Br. 4.) This "serious harm" stems from the EDMO Action unnecessarily diluting and clouding the various

claims in the cases. (*Id.*) But Ahern commingled the facts already at issue in the MDL by pleading them — in 103 paragraphs — in the EDMO Action. If Ahern wanted to make a viable argument that EDMO Action was different factually than the plethora other cases in the MDL, it should not have pled those very facts in the EDMO Action.

Ahern cites *In re United Gas Pipe Line Co. Litig.*, 391 F. Supp. 774, 776 (J.P.M.L. 1975), for the proposition that factual commonality does not exist where the relationship between the parties in an action differs from the consolidated actions, even if the legal allegations are similar. Such a general proposition is not stated in *United*. In that case, plaintiffs were industrial customers who all had their own contracts with United. *Id.* at 775. The Court merely held that, "under the circumstances of this particular litigation," there was insufficient commonality because each of the plaintiffs' breach-of-contract claims gave rise to "factual issues predominantly unique to each particular plaintiff's relationship with defendant United." *Id.* at 776. Unlike *United*, all the allegations — both in the MDL cases and the EDMO Action center around EquipmentShare's alleged nationwide conspiracy, of which EquipmentShare was allegedly the hub and of which Ahern believes that EZ Equipment was a spoke. These common fact issues clearly support transfer, unlike in *United*.

Ahern next argues that transfer would undermine judicial efficiency because the EDMO Action would "languish in the MDL for a matter of months, if not years[.]" (Ahern's Br. 4.) But any time the EDMO Action spends in the MDL "languishing" is trivial to judicial efficiency compared with forcing EZ Equipment to independently investigate and litigate all the facts supporting EquipmentShare's alleged nationwide conspiracy to harm Ahern.

Next, Ahern claims that the focus of the EDMO Action "is the relationship between EquipmentShare and EZ in their [alleged] concerted efforts to impermissibly utilize Ahern's

confidential, proprietary, and/or trade secret information to improperly compete against Ahern, whereas the focus of the MDL Action concerns the agreements between former Ahern employees and EquipmentShare to obtain and misuse" Ahern's confidential information. (Ahern's Br. 6; *compare with* ECF No. 53 at 1 (this Panel finding that the actions in the MDL "share factual questions arising from allegations of a nationwide scheme by EquipmentShare to capture market share in the equipment rental business from Ahern by … (2) using Ahern's confidential and proprietary information and trade secrets.").) The thrust of Ahern's claim is EquipmentShare's (alleged) broad nationwide conspiracy to harm Ahern, of which EZ Equipment was (allegedly) a spoke in that strategy. EZ Equipment has the right to cast doubt on that conspiracy during litigation — by conducting discovery on the first 103 paragraphs of allegations Ahern makes in the EDMO Action, **most of which have nothing to do with EZ Equipment**. (ECF No. 70-2 at ¶¶ 1–103.) Such discovery is justly and conveniently done in the MDL, where EZ Equipment can participate with the group, rather than conducting its own discovery in parallel.

      Ahern next argues that transferring the EDMO Action is impractical because the MDL is relatively advanced and the EDMO Action is at the pleading stage. Yet, this Panel only entered the Transfer Order on August 7, 2020 — less than five months ago — a short amount of time in complex civil discovery. In cases where maturity does pose an obstacle to consolidation, fact discovery has ended (or is on the brink of ending) and dispositive motions have been fully briefed and pending for an extended time. *See, e.g.*, *In re: Indus. Print Techs., LLC, Patent Litig.*, 98 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015) (declining consolidation because "discovery is scheduled to close at the end of this month, and fully briefed cross-motions for partial summary judgment on the central issues are pending"); *In re JumpSport, Inc., ('845 & '207) Patent Litig.*,

338 F. Supp. 3d 1356, 1357 (J.P.M.L. 2018) (rejecting consolidation where "[f]act discovery closes in less than two months"). And transfer would permit EZ Equipment to benefit from discovery, if any, already conducted, which would further advance the efficiency goal.

The remaining arguments hardly merit attention. As for the convenience of the parties (Ahern's Br. 9–10), the only new party to the MDL would be EZ Equipment — and it consents to transfer and the convenience thereof. Finally, Ahern alleges that no efficiencies would be gained because of the factual differences between the EDMO Action and the MDL cases. (Ahern's Br. 10.) As explained above, that is inaccurate.

## CONCLUSION

Because the relevant factors in § 1407 weigh in favor, transferring the EDMO Action to the MDL is appropriate. Ahern has failed to show why CTO-4 should be vacated. As such, the Panel should deny Ahern's Motion to Vacate and order the EDMO Action's transfer to the MDL.

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/ Zachary S. Merkle*
Philip C. Graham
Zachary S. Merkle
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
pgraham@sandbergphoenix.com
zmerkle@sandbergphoenix.com

*Attorneys for Defendant
EZ Equipment Zone LLC*

7

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing (including exhibit(s)) was served on all parties below via email on December 30, 2020:

Joseph M. Wientge
jwientge@littler.com
Lindsey Rendlen Latzke
llatzke@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, MO 63101
314.659.2000
**Counsel for Ahern Rentals, Inc.**

Mark D. Taylor
mark.taylor@bakermckenzie.com
Baker & McKenzie LLP
1900 N. Pear Street, Suite 1500
Dallas, Texas 75201

Michael E. Brewer
michael.brewer@bakermckenzie.com
Billie D. Wenter
billie.wenter@bakermckenzie.com
Baker & McKenzie LLP
Two Embarcadero Center, 11th Floor
San Francisco, California 94111
**Lead Counsel for Defendant EquipmentShare.com Inc. in the MDL Proceeding**

RosaleeMcNamara
rosalee.mcnamara@lathropgpm.com
Emily Cantwell
emily.cantwell@lathropgpm.com
Jackson R. Hobbs, Esq.
jackson.hobbs@lathropgpm.com
Lathrop GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
**Local Counsel for Defendant EquipmentShare.com Inc. in MOE/4:20-cv1565-SRC**

Brandon Gaskins
gaskinsb@mvalaw.com
Moore & Van Allen, PLLC
78 Wentworth Street
Charleston, South Carolina 29401

Michael L. Matula
mike.matula@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
**Liaison Counsels in the MDL Proceeding**

Mark J. Connot
mconnot@foxrothschild.com
Kevin M. Sutehall
ksutehall@foxrothschild.com
Lucy C. Crow
lcrow@foxrothschild.com
Fox Rothschild LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135
**Lead Counsel for Ahern Rentals, Inc.**

*/s/ Zachary S. Merkle*